UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON WESO,

        Plaintiff,

     v.                                         Case No. 19-C-404

ERIC THOMSON, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Aaron Weso brought this 42 U.S.C. § 1983 action against Defendants Eric Thomson, Julie Krause, Jessica Standke, Wendy Borner, and Amber Devries, alleging he was overincarcerated due to the erroneous revocation of his probation in two criminal cases. He also asserts various Wisconsin state law claims against the defendants. The court has jurisdiction over Weso's § 1983 claim under 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. The defendants filed a motion for summary judgment and to dismiss for lack of jurisdiction on April 1, 2020. In his response to the motion, Weso indicates that he stipulates to the dismissal of Defendants Jessica Standke, Amber Devries, and Wendy Borner and only seeks to proceed against Defendants Probation Agent Eric Thomson and Agent Supervisor Julie Krause. The defendants filed a reply brief on May 27, 2020, and Weso subsequently filed a motion to strike or disregard new facts and arguments contained in the defendants' reply submissions on June 1, 2020. For the following reasons, Weso's motion to strike will be denied as moot, the defendants' motion for summary judgment will be granted with respect

to the federal claims, Weso's state law claims will be dismissed without prejudice, and the case will be dismissed.

## BACKGROUND

On November 14, 2006, Weso was convicted of operating while under the influence of an intoxicant, possessing drug paraphernalia, and throwing bodily substances in Shawano County Case No. 2005CF214 and sentenced to one-and-a-half years of imprisonment, to be followed by two years of extended supervision. Defs.' Proposed Findings of Fact (DPFOF) ¶ 1, Dkt. No. 33. Weso was released on extended supervision in Case No. 2005CF214 on February 26, 2008. *Id.* ¶ 2. On October 2, 2008, Weso was sentenced in Shawano County Circuit Court on five cases. Pl.'s Proposed Findings of Fact (PPFOF) ¶ 26, Dkt. No. 42. In Case No. 2006CF081, Weso was convicted of felony bail jumping, disorderly conduct, resisting or obstructing an officer, and driving with a revoked license and sentenced to three years of imprisonment and three years of extended supervision, to be served concurrent to his sentence in Case No. 2005CF214. *Id.* ¶ 27. Weso was also convicted of (1) disorderly conduct in Case No. 2006CF143 and sentenced to one year of probation, consecutive to any previous sentence; (2) disorderly conduct in Case No. 2006CF233 and sentenced to one year of probation, consecutive to the sentence in Case No. 2006CF143; (3) felony bail jumping in Case No. 2008CF101 and sentenced to four years of probation, to run concurrent with the sentence in Case No. 2006CF233; and (4) felony bail jumping in Case No. 2008CF56 and sentenced to four years of probation, consecutive to the sentence in Case No. 2006CF233. *Id.* ¶¶ 28–33; DPFOF ¶ 3.

On October 16, 2008, Sheri Hicks from the Central Records Unit of the Wisconsin Department of Corrections sent a letter to the sentencing judge explaining that terms of probation could not be consecutive to other terms of probation. *Id.* ¶ 34. On November 12, 2008, Judge

Habeck issued amended judgments of convictions, making the terms of probation in Case Nos. 2006CF143, 2006CF233, 2008CF101, and 2008CF56 concurrent to each other and consecutive to the sentence in Case No. 2006CF81. *Id.* ¶ 37. As a result, none of the terms of probation in Case Nos. 2006CF143, 2006CF233, 2008CF101, and 2008CF56 could begin until Weso completed his entire sentence in Case No. 2006CF81. Weso was released on extended supervision in Case No. 2006CF81 on September 13, 2011. *Id.* ¶ 38.

Parole Agent Eric Thomson supervised Weso in 2012. *Id.* ¶ 41. Between February 15, 2012, and March 8, 2012, Agent Thomson recommended revocation of Weso's supervision in Case No. 2006CF81 as well as revocation of Weso's terms of probation in Case Nos. 2008CF101 and 2008CF56. *Id.* ¶ 42. Agent Thomson submitted a Revocation Packet to his supervisor, Julie Krause, for review. Krause reviewed the Revocation Packet and approved Agent Thomson's recommendation to revoke Weso's probation. *Id.* ¶ 74.

Weso was advised that he had a right to a hearing before an administrative law judge regarding his revocation, but Weso waived his revocation hearing. *Id.* ¶ 76. On May 25, 2012, the Wisconsin Department of Corrections revoked Weso's extended supervision in Case No. 2006CF81 and his probation in Case Nos. 2008CF101 and 2008CF56. *Id.* ¶ 78. After the Department of Corrections revoked Weso's probation, Judge Habeck scheduled a sentencing hearing. *Id.* ¶ 79. At the July 18, 2012 sentencing hearing, Judge Habeck sentenced Weso in Case No. 2008CF56 to one year in prison, followed by two years of extended supervision, consecutive to Case No. 2006CF81. *Id.* ¶ 80. He sentenced Weso in Case No. 2006CF101 to two years in prison and two years of extended supervision, consecutive to the sentences in Case Nos. 2006CF81 and 2008CF56. *Id.*

In 2018, Weso wrote to Shawano County probation officer, Eric Wege, asking him to explain his sentence structure. *Id.* ¶ 91. Agent Wege traced the convictions and revocations and discovered that in 2012, Weso had been revoked from terms of probation that had not started in Case Nos. 2008CF56 and 2006CF101. Wege contacted Records Office staff, who asked the court to vacate the sentences and asked the Division of Hearings and Appeals to vacate the revocations. *Id.* ¶ 92. Judge Habeck vacated the sentences in Case Nos. 2008CF56 and 2006CF101. Weso was released on October 18, 2018.

## LEGAL STANDARD

Summary judgment is appropriate when the movant shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences that favor them in the light most favorable to the nonmoving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

# ANALYSIS

Weso asserts that Thomson and Krause violated the Eighth Amendment by directly causing him to be unlawfully incarcerated without penological justification. To establish an Eighth Amendment claim, the plaintiff "needs to prove that the defendants held him beyond the term of his incarceration without penological justification, and that the prolonged detention was the result of the defendants' 'deliberate indifference.'" *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citing *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001)). The defendants assert that they are immune from any federal claims arising out of their participation in revocation proceedings. Weso responds that the defendants waived their quasi-judicial immunity defense by failing to plead the affirmative defense in their answer. In the amended answer to the amended complaint, the defendants asserted:

> All or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of prosecutorial and/or absolute quasi-judicial immunity. Specifically, the claims against Thomson and Krause arising from the revocation recommendation are barred by prosecutorial immunity, *e.g.*, *Putz v. Economou*, 438 U.S. 478, 515 (1978), and the claims against the remaining defendants arising from the execution of a facially valid court order are barred by absolute quasi-judicial immunity, *e.g.*, *Valdez v. City and County of Denver*, 878 F.2d 1285, 1287-90 (10th Cir. 1989).

Amended Answer to Amended Complaint ¶ 10, Dkt. No. 11. Weso argues that, because the defendants did not explicitly assert that they are protected by quasi-judicial immunity, they have waived this defense.

Even if the defendants did not properly raise the affirmative defense in their answer, they have not waived the affirmative defense of quasi-judicial immunity. Weso correctly observes that Rule 8(c) of the Federal Rules of Civil Procedure provides that defendants must plead an affirmative defense in their answers to the complaint. Fed. R. Civ. P. 8(c). But the Seventh Circuit has made clear "the rule that forfeits an affirmative defense not pleaded in the answer (or by an

5

earlier motion) is . . . not to be applied rigidly." *Garofalo v. Vill. of Hazel Crest*, 754 F.3d 428, 436 (7th Cir. 2014) (citing *Matthews v. Wis. Energy Corp., Inc.*, 642 F.3d 565, 570 (7th Cir. 2011)). "[T]he failure to plead an affirmative defense in the answer works a forfeiture only if the plaintiff is harmed by the defendant's delay in asserting it." *Id.* Weso has suffered no harm because he had the opportunity to challenge the quasi-judicial immunity argument in his opposition to the defendants' motion for summary judgment. In short, the defendants did not waive the quasi-judicial immunity defense, and the court will proceed to address that defense.

Members of the judiciary enjoy absolute immunity for acts performed in their judicial capacities, and this immunity has been extended to certain officials who perform quasi-judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "Probation and parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.'" *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (quoting *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)); *see also Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008). While quasi-judicial immunity does not extend to the day-to-day duties in the supervision of a parolee or investigating and gathering evidence for revocation, parole officials are immune from any federal claims for "acts associated with the decision to grant, revoke, or deny parole." *Dawson*, 419 F.3d at 662. The Seventh Circuit has extended that immunity "to those activities that are part and parcel of the decision process" to deny, grant, or revoke parole. *Thompson v. Duke*, 882 F.2d 1180, 1183 n.3 (7th Cir. 1989).

Weso asserts that the defendants are not entitled to absolute immunity because their actions did not fall within the ambit of performing an adjudicative function. He claims that Thomson merely prepared a report regarding his investigation into Weso's violations. But Thomson did not simply investigate Weso's offending conduct and submit report on his findings; he recommended

that Weso's extended supervision be revoked and that he be incarcerated. Dkt. No. 46-7 at 3. Krause approved Thomson's recommendation and requested a hearing on March 8, 2012. *Id.* In recommending that Weso's probation be revoked, Thomson and Krause were engaged in a quasi-judicial function for which they are protected by absolute immunity. Accordingly, Weso's federal claims against them are dismissed.

Weso has also alleged state law claims against the defendants. Generally, when federal claims drop out of a case, federal courts decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3); *see Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The Seventh Circuit has described a "sensible presumption that if the federal claims drop out *before trial*, the district court should relinquish jurisdiction over the state-law claims." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). The court follows this presumption and declines to exercise supplemental jurisdiction over Weso's state law claims. Accordingly, Weso's state law claims will be dismissed without prejudice so that they may be pursued in a state forum.

As a final matter, Weso filed a motion to strike certain facts and arguments contained in the defendants' reply brief, including the defendants' prosecutorial immunity arguments and the fact that Weso sent a letter to Judge Habeck on October 7, 2018. Because the court does not rely on those facts or argument in reaching its decision on the motion for summary judgment, Weso's motion to strike is denied as moot.

## CONCLUSION

For these reasons, the defendants' motion for summary judgment (Dkt. No. 31) is **GRANTED** as to the federal claims and those claims are dismissed. Weso's state law claims are

7

Case 1:19-cv-00404-WCG   Filed 06/29/20   Page 7 of 8   Document 54

dismissed without prejudice.  Weso's motion to strike (Dkt. No. 52) and the defendants' motion to dismiss are **DENIED** as moot.  The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of June, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
